UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC, EMC MORTGAGE, LLC, BEAR STEARNS ASSET BACKED SECURITIES I, LLC, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., SACO I, INC., AND J.P. MORGAN ACCEPTANCE CORPORATION I,<br><br>Defendants. | CONSENT OF DEFENDANTS J.P. MORGAN SECURITIES, LLC, EMC MORTGAGE, LLC, BEAR STEARNS ASSET BACKED SECURITIES I, LLC, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., SACO I, INC., AND J.P. MORGAN ACCEPTANCE CORPORATION I<br><br>12-CV-_____<br><br>ECF CASE |

1. Defendants J.P. Morgan Securities LLC, EMC Mortgage, LLC, Bear Stearns Asset Backed Securities I, LLC, Structured Asset Mortgage Investments II, Inc., SACO I, Inc., and J.P. Mortgage Acceptance Corporation I (collectively, "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendants from violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2) and (3)];

(b) orders Defendants J.P. Morgan Securities LLC, EMC Mortgage, LLC, Bear Stearns Asset Back Securities I, LLC, Structured Asset Mortgage Investments II, Inc., and SACO I, Inc., jointly and severally, to pay disgorgement in the amount of $137,800,000, plus prejudgment interest thereon in the amount of $24,265,536;

(c) orders Defendants J.P. Morgan Securities LLC, EMC Mortgage, LLC, Bear Stearns Asset Back Securities I, LLC, Structured Asset Mortgage Investments II, Inc., and SACO I, Inc., jointly and severally, to pay a civil penalty in the amount of $60,350,000 under Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] (together with the disgorgement and interest amounts set forth in (b), above, the "Bear Stearns-related funds");

(d) orders Defendants J.P. Morgan Securities LLC and J.P. Morgan Acceptance Corporation I, jointly and severally, to pay disgorgement in the amount of $39,900,000, plus prejudgment interest thereon in the amount of $10,600,000; and

(e) orders Defendants J.P. Morgan Securities and J.P. Morgan Acceptance Corporation I, jointly and severally, to pay a civil penalty in the amount of $24,000,000 under Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] (together with the disgorgement and interest amounts set forth in (d), above, the "JP Morgan-related funds").

3. Defendants acknowledge that the disgorgement and civil penalties paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, subject to approval by the Court of a plan for such distribution. Regardless of whether any such Fair Fund distribution is made, the civil penalties shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of civil penalties in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalties imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendants understand that the Commission will use reasonable efforts to confirm with the Internal Revenue Service that any distribution of the disgorgement amounts and civil penalties to securitization trusts will be consistent with the continued treatment of the trusts under the United States Internal Revenue Code as qualifying real estate investment conduits. In the event such confirmation by the Internal Revenue Service is obtained, Defendants understand

that the Commission intends to propose to the Court a plan to distribute each of the Bear Stearns-related funds and the JP Morgan-related funds described above to the specific securitization trusts affected by the conduct alleged by the Commission in the Complaint. Defendants further understand that in the event such confirmation is not obtained, the Commission intends to propose to the Court a plan to distribute each of the Bear Stearns-related funds and the JP Morgan-related funds described above to investors affected by the conduct alleged by the Commission in the Complaint, if the Commission deems such a plan to be feasible given the costs and burden involved in the distribution. Defendants agree to pay all costs incurred under any plans for the distribution of the disgorgement amounts and civil penalties, including but not limited to all fees and expenses of any Court-appointed distribution agent, Court-appointed tax administrator, and/or experts retained.

5. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

9. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalties herein. Defendants further

acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and

restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/15/12                    Structured Asset Mortgage Investments II, Inc.


By: _____
Name: Stephen Cutler
Title: General Counsel, JPMorgan Chase & Co.,
       pursuant to Power of Attorney


On Nov. 15, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Structured Asset Mortgage Investments II, Inc., pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Notary Public, State of New York
Qualified in Kings County
Reg. No. 01CA6120801
My Commission Expires 12/27/12

Dated: 11/15/12                             Bear Stearns Asset Backed Securities I, LLC

By: _____
Name: Stephen Cutler
Title: General Counsel, JPMorgan Chase & Co.,
       pursuant to Power of Attorney

On Nov. 15, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Bear Stearns Asset Backed Securities I, LLC, pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Public, State of New York
ified in Kings County
No. 01CA6120801
ission Expires 12/22/12

Dated: 11/15/12                     EMC Mortgage, LLC


By: _____
Name: Stephen Cutler
Title: General Counsel, JPMorgan Chase & Co.,
       pursuant to Power of Attorney


On Nov. 15, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of EMC Mortgage, LLC, pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Notary Public, State of New York
Qualified in Kings County
Reg. No. 01CA6120801
My Commission Expires 12/22/12

Dated: 11/15/12                     J.P. Morgan Securities LLC


                                    By: _____
                                    Name: Stephen Cutler
                                    Title: General Counsel, JPMorgan Chase & Co.,
                                           pursuant to Power of Attorney


On Nov. 15, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of J.P. Morgan Securities LLC, pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Notary Public, State of New York
Qualified in Kings County
Reg. No. 01CA6120801
My Commission Expires 12/27/12

Dated: 11/15/12                                  J.P. Morgan Acceptance Corporation I


By: _____
Name: Stephen Cutler
Title: General Counsel, JPMorgan Chase & Co.,
       pursuant to Power of Attorney


On Nov. 15, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of J.P. Morgan Acceptance Corporation I, pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Public, State of New York
...ed in Kings County
No. 01CA6120801
...ission Expires 12/22/12

Dated: 11/15/12                     SACO I, INC.


By: _____
Name: Stephen Cutler
Title: General Counsel, JPMorgan Chase & Co.,
       pursuant to Power of Attorney


On Nov 15, _____, 2012, Stephen Cutler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of SACO I, Inc., pursuant to Power of Attorney.

_____
Notary Public
Commission expires:

CAROLYN J. CASSARI
Notary Public, State of New York
Qualified in Kings County
Reg. No. 01CA6120801
My Commission Expires 12/27/12

Approved as to form:

_____
Andrew Ceresney
Debevoise & Plimpton LLP

Counsel to Defendants

Dated: 11/16/12