# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC, EMC MORTGAGE, LLC, BEAR STEARNS ASSET BACKED SECURITIES I, LLC, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., SACO I, INC., AND J.P. MORGAN ACCEPTANCE CORPORATION I,<br><br>Defendants. | FINAL JUDGMENT AS TO DEFENDANTS J. P. MORGAN SECURITIES LLC, EMC MORTGAGE, LLC, BEAR STEARNS ASSET BACKED SECURITIES I, LLC, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., SACO I, INC., AND J.P. MORGAN ACCEPTANCE CORPORATION I<br><br>12-CV-_____<br><br>ECF CASE |

The Securities and Exchange Commission having filed a Complaint and Defendants J.P. Morgan Securities LLC, EMC Mortgage, LLC, Bear Stearns Asset Backed Securities I, LLC, Structured Asset Mortgage Investments II, Inc., SACO I, Inc., and J.P. Morgan Acceptance Corporation I, (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants J.P. Morgan Securities LLC, EMC Mortgage, LLC, Bear Stearns Asset Backed Securities I, LLC, Structured Asset Mortgage Investments II, Inc., and SACO I, Inc. are jointly and severally liable for disgorgement of $137,800,000, relating to the bulk settlements practice alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,265,536, and a civil penalty in the amount of $60,350,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)]. Defendants shall satisfy this obligation by paying

$222,415,536 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants J.P. Morgan Securities LLC; EMC Mortgage, LLC; Bear Stearns Asset Backed Securities I, LLC; Structured Asset Mortgage Investments II, Inc.; and SACO I, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for civil penalties, disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The

Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 subject to the Court's approval. The Commission will use reasonable efforts to confirm with the Internal Revenue Service that the distribution of the Fund will be consistent with the continued treatment of the trusts at issue as qualifying real estate investment conduits under the United States Internal Revenue Code. In the event such confirmation by the Internal Revenue Service is obtained, the Commission intends to propose to the Court a plan to distribute the Fund to the specific securitization trusts affected by the bulk settlements practice alleged by the Commission in the Complaint. In the event such confirmation by the Internal Revenue Service is not obtained, the Commission intends to propose to the Court a plan to distribute the Fund to investors affected by the bulk settlement practice alleged by the Commission in the Complaint, if the Commission deems such a plan to be feasible given the costs and burden involved in the distribution. Defendants agree to pay all costs incurred under any plan for the distribution of the disgorgement amount and civil penalty, including but not limited to all fees and expenses of any Court-appointed distribution agent, Court-appointed tax administrator, and/or experts retained, and there will be no deduction from the Fund for those additional costs. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall transfer the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants J.P. Morgan Securities LLC and J.P. Morgan Acceptance Corporation I, are jointly and severally liable for disgorgement of $39,900,000 relating to the delinquency disclosure conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,600,000, and a civil penalty in the amount of $24,000,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)].  Defendants shall satisfy this obligation by paying $74,500,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at [http://www.sec.gov/about/offices/ofm.htm](http://www.sec.gov/about/offices/ofm.htm). Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants J.P. Morgan Securities LLC and J.P. Morgan Acceptance Corporation I as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for civil penalties, disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 subject to the Court's approval.

The Commission will use reasonable efforts to confirm with the Internal Revenue Service that the distribution of the Fund will be consistent with the continued treatment of the trust at issue as a qualifying real estate investment conduit under the United States Internal Revenue Code.  In the event such confirmation by the Internal Revenue Service is obtained, the Commission intends to propose to the Court a plan to distribute the Fund to the specific securitization trust affected by the delinquency disclosure conduct alleged by the Commission in the Complaint.  In the event such confirmation by the Internal Revenue Service is not obtained, the Commission intends to propose to the Court a plan to distribute the Fund to investors affected by the delinquency disclosure conduct alleged by the Commission in the Complaint, if the Commission deems such a plan to be feasible given the costs and burden involved in the distribution.  Defendants agree to pay all costs incurred under any plan for the distribution of the disgorgement amount and civil penalty, including but not limited to all fees and expenses of any Court-appointed distribution agent, Court-appointed tax administrator, and/or experts retained, and there will be no deduction from the Fund for those additional costs.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall transfer the funds paid pursuant to this Final Judgment to the United States Treasury.

     Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE